TAM:JJT:nl

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT L. WARD, JR. | : |
| | : |
| Plaintiff, | : |
| | : |
| | : NO. 1:CV-00-1126 |
| v. | : |
| | : |
| | : |
| DEFENSE LOGISTICS AGENCY | : (KANE, J.) |
| DEFENSE DISTRIBUTION CENTER, | : |
| | : |
| Defendant. | : (Electronically Filed) |

### DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Defendant submits this Response to Plaintiff's Motion for Summary Judgment.

### INTRODUCTION

The Complaint in this case alleges that from October 7, 1997, until his resignation from the Civil Service on January 7, 2000, Plaintiff Robert L. Ward, Jr. ("Ward") was harassed daily by his supervisor, Frank O'Brien. Ward alleges a violation of the Rehabilitation Act of 1973, 29 U.S.C. Section 791, et seq.; Title I of the Americans with Disabilities Act, 42 U.S.C. Section 12101; and the Civil Rights Act of 1964, as amended, 42 U.S.C.

Section 2000e, et seq.  As relief, he seeks "a reasonable compensatory settlement."

**FACTS**

The Defense Logistics Agency employed Ward as a Materials Handler, WG-6907-05, in the Storage Branch, DDSP-SS.  He was assigned to operate an isle mobile hybrid crane vehicle (crane) to pick stock at various heights up to sixty (60) feet.  He was required to wear a safety belt and later a shoulder harness while operating the crane.  In May 1999, Ward filed a formal administrative EEO Complaint alleging Mr. O'Brien had harassed him by continuously asking him for medical documentation to support Ward's alleged inability to wear the harness and other restrictions.  Apparently, this allegation is the basis for Ward's civil action.

**ARGUMENT**

A.   **The Elements of a Prima Facie Case of Disparate Treatment Based on Race and/or Disability**.

Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, prohibits discrimination on the basis of race, color, religion, sex or national origin.  Disparate treatment cases involve claims that the employer treats some employees less favorably than others because of their membership in a protected

class. In these types of cases, evidence of discriminatory intent is crucial. <u>International Brotherhood of Teamsters v. U.S.</u>, 431 U.S. 324, 336 n.15 (1977); <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 805-06 (1973); <u>Furnco Construction Corp. v. Waters</u>, 438 U.S. 567 (1978).

In order to make out a case of race discrimination, Ward must first establish by a preponderance of the evidence a <u>prima facie</u> case of employment discrimination. <u>Texas Department of Community Affairs v. Burdine</u>, 450 U.S. 248, 252-253 (1981). A claim of racially disparate treatment requires a showing that (1) plaintiff is a member of a racial minority; (2) he was qualified for the position; (3) he was subjected to an adverse employment action; and (4) other employees not in a protected class were treated more favorably. <u>Saint Mary's Honor Center v. Hicks</u>, 509 U.S. 502 (1993).

Under the Rehabilitation Act, a disparate treatment case based on disability requires a prima facie showing that plaintiff (1) is disabled; (2) was otherwise qualified for the position; (3) was subjected to an adverse employment decision; and (4) that other non-disabled employees were treated more favorably. <u>Josey v. John R. Hollingsworth Corp.</u>, 996 F.2d 632, 638 (3d Cir. 1993).

Title VII and the Rehabilitation Act both employ the same sequential burden-shifting framework. If plaintiff establishes a prima facie case, then the burden shifts to defendant to articulate a legitimate, nondiscriminatory reason for its actions. <u>Williams</u> at 842. In order to satisfy this burden,

defendant need only "introduce evidence which taken as true, would permit the conclusion that there was a non-discriminatory reason for the unfavorable employment decision." Fuentes v. Perskie, 32 F.3d 759, 763 (3d Cir. 1994). If the defendant meets his burden, then the burden shifts to plaintiff to demonstrate defendant's proffered reason is mere pretext for discrimination. The plaintiff can meet this burden by submitting evidence that could lead the trier of fact to reasonably disbelieve the employer's articulated reasons or believe that discriminatory reasons were more likely than not a motivating cause of the employer's decision. See Fuentes v. Perskie, 32 F.3d 759 (3d Cir. 1994).

### B. Ward's Motion for Summary Judgment Should Be Denied Because He Has Failed to Submit Evidence That Establishes the Elements of His Claim.

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriately entered when the moving party demonstrates, by affidavit or otherwise, that there are no genuine issues of any material fact to be resolved. See Peterson v. Lehigh Valley District Counsel, 676 F.2d 81, 84 (3d Cir. 1982); Continental Insurance v. Bodie, 682 F.2d 436, 438 (3d Cir. 1982). Specifically, Rule 56(c) states summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment

as a matter of law." Rule 56(c) "mandates the entry of summary judgment against a party who fails to make a showing sufficient to establish existence of an element essential to that party's case and on which that party will bear the burden of proof at trial." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986) (noting that summary judgment standard mirrors the standard for Rule 50 directed verdict).

The Court also stated in <u>Celotex</u> that the party moving for summary judgment need not, as a matter of course, support its motion with affidavits. The Court reasoned that "the impact of these subsections [Fed. R. Civ. P. 56 (a)-(e)] is that, regardless of whether the moving party accompanies its summary judgment motion with affidavits, the motion may and should be granted <u>so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c) is satisfied</u>." 477 U.S. at 323 (emphasis added).

Thus, while a party moving for summary judgment need not necessarily produce affidavits, if the party bears the burden of proof on an element essential to that party's case, then it must produce evidence, if admissible, that would establish it has met the essential elements of its case and is entitled to judgment as a matter of law. If a plaintiff moves for summary judgment, then, since the plaintiff has the burden of proof, he must submit evidentiary materials to establish the elements of his cause of action and his entitlement to judgment as a matter of law.

Celotex Corp., 477 U.S. at 324; In Versage v. Township of Clinton New Jersey, 984 F.2d 1359, 1370 (3d Cir. 1993), the Third Circuit stated:

> [W]e have repeatedly held that unsubstantiated arguments made in briefs or at oral argument are not evidence to be considered by this Court. Bell v. United Princeton Properties, Inc., 884 F.2d 713, 720 (3d Cir. 1989)("[S]tatements made in briefs are not evidence of the facts asserted."); Jersey Cent. Power & Light Co. v. Township of Lacey, 772 F.2d 1103, 1109-10 (3d Cir. 1985) ("Legal memoranda and oral argument are not evidence and cannot by themselves create a factual dispute sufficient to defeat a summary judgment motion."), cert. denied, 475 U.S. 1013, 106 S. Ct. 1190, 89 L. Ed. 2d 305 (1986). We are directed to no evidence in the record, and find none, that would sufficiently substantiate this claim so as to create a genuine issue of material fact.

In this case, Ward alleges that he has been the subject of race and disability discrimination. See Amended Complaint. Ward has filed a Motion for Summary Judgment arguing that "there is no genuine issue as to any material fact, and the plaintiff is entitled to judgment as a matter of law. See Motion for Summary Judgment. Ward "refers to the record in this action, including the Amended Complaint, the Answer to it, and pleadings" in support of his motion. Ward also filed a brief in support of his motion to which he attached various medical records. See Amendment for Brief in Support of Summary Judgment. Ward, however, does not introduce any evidence that demonstrates he has met a prima facie case of race or disability discrimination. For example, on his race discrimination claim, Ward has not submitted

evidence relating to whether (1) he was qualified for the position; (2) he was subjected to an adverse employment action; or (3) other non-African-American employees were treated more favorably.  Likewise, he has offered no evidence demonstrating any of the four prongs that constitute a prima facie case of a disability claim.  In fact, the only evidence Ward places before the Court are the various medical records which, at best, do little more than document Ward's medical problems.  In sum, Ward's summary judgment motion should be denied.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Summary Judgment should be denied.

Respectfully submitted,

THOMAS A. MARINO
United States Attorney


  s/Joseph J. Terz
Joseph J. Terz
Assistant U.S. Attorney
228 Walnut Street, Suite 220
P.O. Box 11754
Harrisburg, Pennsylvania  17108
Attorney ID. No. PA55480
(717) 221-4482
(717) 221-4582 (Facsimile)
joseph.terz@usdoj.gov

Dated:  April 28, 2003

**TAM:JJT:nl**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROBERT L. WARD, JR.** : | |
| : | |
| Plaintiff, : | |
| : | NO. 1:CV-00-1126 |
| v. : | |
| : | |
| **DEFENSE LOGISTICS AGENCY** : | (KANE, J.) |
| **DEFENSE DISTRIBUTION CENTER,** : | |
| : | |
| Defendant. : | (Electronically Filed) |

### CERTIFICATE OF SERVICE

    The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

    That this 30th day of April, 2003, she served a copy of the attached

### DEFENDANT'S RESPONSE TO PLAINTIFF'S
### MOTION FOR SUMMARY JUDGMENT

by placing a copy in a postpaid envelope addressed to the person hereinafter named, at the places and addresses stated below, which is the last known addresses, and by depositing said envelopes and contents in the United States Mail at Harrisburg, Pennsylvania to:

        Mr. Robert L. Ward, Sr.
        1630 Catherine Street
        Harrisburg, Pennsylvania  17104


         s/Naomi Losch
        Naomi Losch
        Legal Assistant

N:\NLosch\terz\docs\ward response to plaintiff's motion for summary judgment.wpd