TAM:JJT:nl

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT L. WARD, JR. | : | |
| | : | |
| Plaintiff, | : | |
| | : | NO. 1:CV-00-1126 |
| v. | : | |
| | : | |
| DEFENSE LOGISTICS AGENCY | : | (KANE, J.) |
| DEFENSE DISTRIBUTION CENTER, | : | |
| | : | |
| Defendant. | : | (Electronically Filed) |

**EXHIBIT TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

**VOLUME I**
**(O'BRIEN'S AFFIDAVIT WITH EXHS. 1 THROUGH 16)**

Respectfully submitted,

THOMAS A. MARINO
United States Attorney

Joseph J. Terz
Assistant U.S. Attorney
228 Walnut Street, Suite 220
P.O. Box 11754
Harrisburg, Pennsylvania 17108
Attorney ID. No. PA55480
(717) 221-4482
(717) 221-4582 (Facsimile)
joseph.terz@usdoj.gov

Dated: June 19, 2003

# Defendant's Exhibit A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ROBERT L. WARD, JR.** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **NO. 1:CV-00-1126** |
| **v.** | : | |
| | : | |
| **DEFENSE LOGISTICS AGENCY DEFENSE DISTRIBUTION CENTER,** | : | **(KANE, J.)** |
| | : | |
| **Defendant.** | : | |

**AFFIDAVIT OF FRANK O'BRIEN**

FRANK O'BRIEN, being duly sworn, deposes and says:

My name is Frank O'Brien. I am employed by the Defense Logistics Agency, Defense Distribution Center, as Shift Supervisor. This affidavit is based upon my personal knowledge and information. At all times relevant to the allegations in the Complaint, I was Ward's second-level supervisor.

1. On May 16, 1997, Ward suffered a work-related injury later determined to be an inguinal hernia. Exh. 1.

2. On June 26, 1997, Ward's doctor completed a CA Form 20 permitting Ward to return to duty with the restriction of no heavy lifting for six weeks. Exh. 2.

3. His doctor returned him to duty on July 28, 1997, with a lifting restriction of 45 pounds. Exh. 3.

4. The Agency's health clinic imposed a "permanent" 45-pound lifting restriction. Exh. 4.

5. This restriction did not significantly limit Ward's operation of the crane because he ordinarily would not be required to lift more than 40 pounds.

6. Ward returned to duty on the aisle crane with the restriction imposed by his doctor.

7. On October 21, 1997, Ward visited the Agency's health clinic complaining that operating the crane hurt his left leg. Exh. 5.

8. The health clinic put him on light duty until he could see his private physician. Id.

9. Two days later, Ward presented a note from his private physician stating that Ward was able to return to duty, but was "to avoid wearing any weight around the waist" (apparently in reference to the safety belt). Exh. 6.

10. I took Ward off the crane and placed him on light duty on the floor in the "Active Items" area, expecting that the light duty would only be temporary because the restriction was not noted to be permanent.

11. In late December 1997, I asked Ward to obtain additional medical documentation to determine if the "no belt" restriction was still in effect.

12. Ward told me he would not provide additional documentation.

13. Ward was off work in early January 1988, and upon his return he gave the health clinic a note from his doctor with an "indefinite" 25-pound lifting restriction. Exh. 7.

14. The heath clinic returned him to duty with this restriction. Id.

15. Ward was kept on light duty.

16. In January 1998, DDSP replaced the safety belt with a shoulder harness.

17. The harness is attached around the employee's legs, shoulders, and waist.

18. Because at the time there still was no determination that the "no belt" and lifting restrictions were permanent, and knowing that the harness fits loosely against the waist, I asked Ward in February to take the harness to his doctor to determine if he could wear it and return to crane duty.

19. Ward refused to take the harness and sign a receipt for it.

20. I gave Ward a letter dated April 7, 1997, formally requesting a determination from his private physician within 14 days whether the 25-pound lifting restriction was still in effect and whether Ward could wear a harness. Exh. 8.

21. Before issuing the letter, I consulted with a health clinic nurse who agreed that additional information was necessary. Exh. 9.

22. When Ward did not respond in 14 days, I asked him if he needed an extension and Ward answered no and stated that he was not going to respond. Exh. 10.

23. On May 6, 1998, Ward was given another letter from Ken Slasemen, his first-level supervisor, notifying Ward that in the absence of current medical information to support continuing restrictions, he was being returned to full duty as a crane operator, effective May 18, 1999. Exh. 11.

24. In response, Ward visited the health clinic and told the nurse there that his 25-pound lifting restriction was permanent. Exh. 12.

25. The health clinic noted the employee's statement and recommended a fitness for duty examination by the Agency. Id.

26. Mr. Slasemen met with Ward on May 8, 1998, to ask again that Ward take the harness to his doctor, but Ward again refused. Exh. 13.

27. Ward was then given a letter on May 27, 1998, directing him to return crane operator duties within three days or provide current medical information substantiating his inability to do so. Exh. 14.

28. Ward provided a doctor's slip dated June 1, 1998, stating: "Should not wear a body harness at all to work in." Exh. 15.

29. I continued to assign Ward to light duty on the floor.

30. Ward presented a doctor's slip dated October 28, 1998, with an indefinite lifting restriction of 25-pounds based on a diagnosis of degenerative disc disease. Exh. 16.

31. Thereafter, Ward was involved in an automobile accident on November 17, 1998, and was returned to duty with lifting and stretching restrictions imposed by his doctor for two weeks. Exh. 17.

32. Ward was off-duty from January 6 through January 20, 1999. Exh. 18.

33. Upon his return on January 21, 1999, the health clinic found him fit for duty with "current duty restrictions." Exh. 19.

34. The health clinic later issued another return to duty note for January 21, 1999, noting that there were no restrictions in the doctor's slip Ward provided at the time he returned on January 21, 1999. Exh. 20.

35. On April 15, 1999, I gave Ward a memo requesting he provide medical documentation as to whether he was then fit to return to crane duty. Ward refused this request. Exh. 21.

36. By memo of July 29, 1999, I ordered Ward to submit to a fitness for duty examination by an agency physician. Ward refused this order. Exh. 22.

37. This stalemate continued until Ward's resignation on January 7, 2000.

38. No action was taken to discipline Ward or remove him from his position for medical reasons.

39. I have requested other employees with medical restrictions to take the shoulder harness to their physicians to determine if they could wear the harness. Two of these employees were white.

40. Unlike the other employees, Ward refused to have his physician examine the harness and obtain clarification regarding his medical restrictions.

I declare under penalty of perjury that the foregoing is true and correct.

Frank O'Brien

Frank O'Brien

June 18, 2003

# O'Brien Affidavit Exhibit 1

# Federal Employee's Notice of Traumatic Injury and Claim for Continuation of Pay/Compensation

U.S. Department of Labor
Employment Standards Administration
Office of Workers' Compensation Programs

**Employee: Please complete all boxes 1 - 15 below. Do not complete shaded areas.**
**Witness: Complete bottom section 16.**
**Employing Agency (Supervisor or Compensation Specialist): Complete shaded boxes a, b, and c.**

**Employee Data**

1. Name of employee (Last, First, Middle): Ward Robert L Jr

2. Social Security Number: 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

3. Date of birth Mo. Day Yr.: 7 24 59

4. Sex: ☑ Male ☐ Female

5. Home telephone: (717) 541-5402

6. Grade as of date of injury: Level WG-5 Step 5

7. Employee's home mailing address (Include city, state, and ZIP code): 3904 Donna Jane CT. A105 Harrisburg, PA. 17109

8. Dependents: ☐ Wife, Husband ☑ Children under 18 years ☐ Other

**Description of Injury**

9. Place where injury occurred (e.g. 2nd floor, Main Post Office Bldg., 12th & Pine): DDSP-SS Bin

10. Date injury occurred Mo. Day Yr.: 5 12 97 Time: 5:15 ☐ a.m. ☑ p.m.

11. Date of this notice Mo. Day Yr.: 5 19 97

12. Employee's occupation: Material Handler

13. Cause of injury (Describe what happened and why): On 5-12-97 working in the Bin, lift a tote to put it on the line and got a pain from my Groin

a. Occupation code

b. Type code

c. Source code

OWCP Use - NOI Code

14. Nature of injury (Identify both the injury and the part of body, e.g., fracture of left leg): pain on my Left side of my Groin

**Employee Signature**

15. I certify, under penalty of law, that the injury described above was sustained in performance of duty as an employee of the United States Government and that it was not caused by my willful misconduct, intent to injure myself or another person, nor by my intoxication. I hereby claim medical treatment, if needed, and the following, as checked below, while disabled for work:

☑ a. Continuation of regular pay (COP) not to exceed 45 days and compensation for wage loss if disability for work continues beyond 45 days. If my claim is denied, I understand that the continuation of my regular pay shall be charged to sick or annual leave, or be deemed an overpayment within the meaning of 5 USC 5584.

☐ b. Sick and/or Annual Leave

I hereby authorize any physician or hospital (or any other person, institution, corporation, or government agency) to furnish any desired information to the U.S. Department of Labor, Office of Workers' Compensation Programs (or to its official representative). This authorization also permits any official representative of the Office to examine and to copy any records concerning me.

Signature of employee or person acting on his/her behalf: Robert L. Ward Jr. Date: 5-19-97

Any person who knowingly makes any false statement, misrepresentation, concealment of fact or any other act of fraud to obtain compensation as provided by the FECA or who knowingly accepts compensation to which that person is not entitled is subject to civil or administrative remedies as well as felony criminal prosecution and may, under appropriate criminal provisions, be punished by a fine or imprisonment or both.

**Have your supervisor complete the receipt attached to this form and return it to you for your records.**

**Witness Statement**

16. Statement of witness (Describe what you saw, heard, or know about this injury)

Name of witness | Signature of witness | Date signed

Address | City | State | ZIP Code

EXHIBIT
O'BRIEN
1

PENGAD-Bayonne, N. J.

Form CA-1
Rev. Sept. 1993

♦ Initiate Claim - CA-1 must be received in ASCE-K within 2 *days* of reporting the injury.

♦ Initial Treatment - Report to the Health Clinic. You do not have to continue treatment with the clinic. It is your option to select your own physician. **<u>**Chiropractors may only be reimbursed for manual manipulation of the spine to correct a subluxation as demonstrated by an X-Ray.</u>**

♦ Continued Treatment - If you are continuing treatment with the Health Clinic, you must report back to this office immediately following every appointment with a Dispensary Permit. This is considered the Health Clinic detailed medical report.

♦ If you are electing your own physician you must take with you forms CA-17 (Duty Status Report) and CA-20 (Attending Physicians' Report).

♦ Time Loss - Before every appointment with your physician you must report to this office to get the appropriate forms to be covered for Continuation of Pay. Following every appointment (like the Health Clinic) you must report to this office with the completed Form CA-17. This form must be completed and brought back to this office immediately following your appointment in order for Continuation of Pay to be paid. <u>MEDICAL CERTIFICATES WILL NOT BE ACCEPTED FOR PAYMENT OF CONTINUATION OF PAY!!!!</u> Your physician will have 10 workdays to provide this office with Form CA-20 or a detailed medical report on his/her letterhead. If the report is not received, the COP will be changed to S/L, A/L or LWOP as you choose. It is your responsibility to provide medical documentation.

♦ Intermittant COP - If you are using COP for Physical Therapy appts, or for Dr. Appts the <u>maximum</u> time allowed is 4 hours. You are authorized time from work to your appointment, time for the appointment, and time to return to work. (SF71), leave slip, must accompany physical therapy appts.

♦ Medical bills must be submitted directly to DoL on form HCFA 1500, or they will be returned to the provider. It takes approximately 3-4 months for the Department of Labor to process bills. **It is your responsibility to call the Department of Labor to check on the Status of unpaid physician bills. (215)-596-1457.**

♦ *I have been counselled on what my responsibilities of my Workers' Compensation Claim are and I understand the Continuation of Pay process.*

♦ *I have received the appropriate forms (CA-1) to initiate my claim.*

♦ *I have received the Instructions for Federal Employees for Traumatic Injury Claims under the FECA.*

[signature] Signature — 5-19-97 Date

Personnel Assistant — Date

phone

**O'Brien Affidavit Exhibit 2**

U.S. Department of Labor
Employment Standards Administration
Office of Workers' Compensation Programs

OMB No. 1215-0103
Expires: 9-30-91

# Attending Physician's Report

1. Patient's name Last: Ward First: Robert Middle: L Jr
2. Date of injury mo. day yr.: 5 16 97
3. OWCP File Number: 030226893

4. What history of injury (including disease) did patient give you? Left Inguinal hernia

ICD-9 Code

5. Is there any history or evidence of concurrent or pre-existing injury or disease or physical impairment? (If yes, please describe)
☐ Yes ☒ No

6. What are your findings? (Include results of X-Rays, laboratory reports, etc.) Left inguinal hernia

ICD-9 Code: 550.91

7. What is your diagnosis? Left inguinal hernia

8. Do you believe the condition found was caused or aggravated by an employment activity? (Please explain answer)
☒ Yes ☐ No

9. Did injury require hospitalization? If no, go to item #13 ☒ Yes ☐ No
10. Date of admission mo. day yr.: 6 4 97
11. Date of discharge mo. day yr.: 6 4 97
12. Additional Hospitalization required If Yes, describe in "Remarks" (Item 25) ☐ Yes ☒ No

13. What treatment did you provide? Repair of left inguinal hernia with mesh

14. Date of first examination mo. day yr.: 5 22 97
15. Date(s) of treatment mo. day yr.: 5 22 97; 6 4 97; 6 13 97
16. Date of discharge from treatment mo. day yr.:
17. Period of total disability From mo. day yr.: 6 4 97 Thru mo. day yr.: 7 27 97
18. Period of Partial Disability From mo. day yr. Thru mo. day yr.
19. Date employee able to resume light work mo. day yr.
20. Date employee is able to resume regular work mo. day yr.: 7 28 97
21. Has employee been advised that he/she can return to work? ☒ Yes ☐ No
22. If yes, on what date was he/she advised? mo. day yr.
23. If employee is able to resume only light work, indicate the extent of physical limitations and the type of work that could reasonably be performed with these limitations. (Continue in item #25 if necessary.) no heavy lifting for 6 weeks
24. Are any permanent effects expected as a result of this injury? If yes, describe in item #25. ☐ Yes ☐ No

EXHIBIT
O'BRIEN
2

25. Remarks

26. If you have referred the employee to another physician provide the following:
Name
Address
City State Zip

Specialty

27. What was the reason for this referral? ☐ Consultation ☐ Treatment

Signature

28. I certify that the statements in response to the questions asked above are true, complete and correct to the best of my knowledge. Further, I understand that any false or misleading statement or any misrepresentation or concealment of material fact which is knowingly made may subject me to felony criminal prosecution.

Signature of Physician: Richard G Manning, MD Date: 10-26-97

29. Name of Physician: Richard G. Manning, MD
Address: 890 Poplar Church Road
City: Camp Hill State: Pa Zip: 17011

30. Tax ID Number: 23-1728739
31. Do you specialize? ☒ Yes ☐ No
32. If yes, indicate specialty: General Surg

Form CA-20
Rev. June 19[illegible]

File

**IMPORTANT:** A MEDICAL REPORT IS REQUIRED BY THE OFFICE OF WORKERS' COMPENSATION PROGRAMS BEFORE PAYMENT OF COMPENSATION FOR LOSS OF WAGES OR PERMANENT DISABILITY CAN BE MADE TO THE EMPLOYEE.

IF YOU HAVE SUBMITTED A NARRATIVE MEDICAL REPORT OR A FORM CA-16 TO OWCP WITHIN THE PAST 10 DAYS, YOU NEED NOT SUBMIT THIS FORM CA-20.

OWCP REQUIRES THAT MEDICAL BILLS, OTHER THAN HOSPITAL BILLS, BE SUBMITTED ON THE AMERICAN MEDICAL ASSOCIATION HEALTH INSURANCE CLAIM FORM, HCFA 1500/OWCP-1500a.

**INSTRUCTIONS TO PHYSICIAN FOR COMPLETING ATTENDING PHYSICIAN'S REPORT**

1. COMPLETE THE ENTRIES 1-32 ON THE FORM; AND
2. IF DISABILITY HAS NOT TERMINATED, INDICATE IN ITEM 17; AND
3. SEND THE FORM AND YOUR BILL TO:

OFFICE OF WORKERS' COMPENSATION PROGRAMS

**PLEASE RETURN REPORT TO:**

**ATTN: ASCE-KB BLDG 81**
**ADMINISTRATIVE SUPPORT CENTER EAST**
**14 DEDICATION DRIVE SUITE 3**
**NEW CUMBERLAND, PA 17070-5011**

**Public Burden Statement**

We estimate that it will take an average of 30 minutes to complete this collection of information, including time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. If you have any comments regarding these estimates or any other aspect of this collection of information, including suggestions for reducing this burden, send them to the Office of Information Management, U.S. Department of Labor, Room N1301, 200 Constitution Avenue, N.W., Washington, D.C. 20210; and to the Office of Management and Budget, Paperwork Reduction Project (1215-0103), Washington, D.C. 20503.

For Sale by the [illegible]erintendent of Documents, U.S. Government Printing Office
Washington, DC 20402

**O'Brien Affidavit Exhibit 3**

LEWIS T. PATTERSON, M.D.

RAYMOND F. KOSTIN, M.D.
JOHN A. ROSSI, M.D.
SALVATORE A. PARASCANDOLA, M.D.

J. BRET DeLONE, M.D.
PAUL A. KUNKEL, M.D.
RICHARD G. MANNING, M.D.

Medical Arts Building  Phone: 761-7244  Camp Hill, PA 17011

Name Robert Ward Date 7-3-97

Address

To whom it may concern:

This is to certify that the above patient was under my professional care from 6-4-97 to 7-28-97 inclusive, and was totally incapacitated during this time.

Remarks 45 lb max. wt. lifting

Richard Manning M.D./bk

EXHIBIT
O'BRIEN
3

# O'Brien Affidavit Exhibit 4

# INDIVIDUAL SICK SLIP

☐ ILLNESS ☑ INJURY

| | |
|---|---|
| **DATE** | 7/28/97 |
| **LAST NAME - FIRST NAME - MIDDLE INITIAL OF PATIENT** | WARD ROBERT |
| **SERVICE NUMBER** | 6022 |
| **GRADE/RATE** | WG-5 |
| **ORGANIZATION AND STATION** | DDSP/SS |

| UNIT COMMANDER'S SECTION | MEDICAL OFFICER'S SECTION |
|---|---|
| **IN LINE OF DUTY** Yes | **IN LINE OF DUTY** |
| **REMARKS** Returning to work after operation | **DISPOSITION OF PATIENT** ☐ DUTY ☐ QUARTERS ☐ SICK BAY ☐ HOSPITAL ☐ NOT EXAMINED ☐ OTHER *(Specify)* |
| | **REMARKS** Return to duty 7/28/97 - No lifting > 45 lbs. (permanently.) Thanks |
| **SIGNATURE OF UNIT COMMANDER** [signature] | **SIGNATURE OF MEDICAL OFFICER** [signature] RN. |

DD FORM 1 MAR 63 689 S/N 0102-LF-007-0101 PREVIOUS EDITIONS ARE OBSOLETE.

EXHIBIT
O'BRIEN
4

PENGAD-Bayonne, N. J.

**O'Brien Affidavit Exhibit 5**

# INDIVIDUAL SICK SLIP

☒ ILLNESS ☐ INJURY

DATE: 8 / Oct 97

LAST NAME - FIRST NAME - MIDDLE INITIAL OF PATIENT: WARD, Robert

ORGANIZATION AND STATION: DDSP-SS

SERVICE NUMBER:

GRADE/RATE:

## UNIT COMMANDER'S SECTION

IN LINE OF DUTY

REMARKS: Employee states that operating a Hybrid will hurt his left leg. Employee states he is unable to operate a hybrid because of this.

SIGNATURE OF UNIT COMMANDER: Charles G. O'Brien

## MEDICAL OFFICER'S SECTION

IN LINE OF DUTY

DISPOSITION OF PATIENT

☐ DUTY ☐ QUARTERS ☐ SICK BAY ☐ HOSPITAL ☐ NOT EXAMINED ☐ OTHER (Specify)

10[illegible]

REMARKS: Lite duty until Thurs & seen by Pvt. Dr. No documentation about left leg. No [illegible] in record. Thanks

SIGNATURE OF MEDICAL OFFICER: D Durand RN

DD FORM 1 MAR 63 689 S/N 0102-LF-007-0101 PREVIOUS EDITIONS ARE OBSOLETE.

Dolores A. Durand R.N.
OHN
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

EXHIBIT
O'BRIEN
5

**O'Brien Affidavit Exhibit 6**

LEWIS T. PATTERSON, M.D. - 025259L
RAYMOND F. KOSTIN, M.D. - 031429L
JOHN A. ROSSI, M.D. - 027547E
SALVATORE A. PARASCANDOLA, M.D. - 035681E
J. BRET DeLONE, M.D. - 041721L
PAUL A. KUNKEL, M.D. - 042880E
RICHARD G. MANNING, M.D. - 041449L

Medical Arts Building Phone: 781-7244 Camp Hill, PA 17011

For Robert Ward Date 10-23-97

Address

℞ pt may RTW but to avoid wearing any weight around the waist.

☐ GENERIC SUBSTITUTE
☐ LABEL
REFILL X
SUBSTITUTION PERMISSIBLE Richard Manning M.D.

IN ORDER FOR A BRAND NAME PRODUCT TO BE DISPENSED, THE PRESCRIBER MUST HANDWRITE "BRAND NECESSARY" OR "BRAND MEDICALLY NECESSARY" IN THE SPACE BELOW.

EXHIBIT
O'BRIEN
6

PENGAD-Bayonne, N. J.

**O'Brien Affidavit Exhibit 7**

# INDIVIDUAL SICK SLIP

☐ ILLNESS ☐ INJURY

DATE: 1/6/98

LAST NAME - FIRST NAME - MIDDLE INITIAL OF PATIENT: Ward, Robert

SERVICE NUMBER/SSN: 6022

GRADE/RATE:

ORGANIZATION AND STATION:

| UNIT COMMANDER'S SECTION | MEDICAL OFFICER'S SECTION |
|---|---|
| IN LINE OF DUTY | IN LINE OF DUTY |
| REMARKS | DISPOSITION OF PATIENT ☐ DUTY ☐ QUARTERS ☐ SICK BAY ☐ HOSPITAL ☐ NOT EXAMINED ☐ OTHER (Specify): |
| | REMARKS: Limited to 25lb. lift. Getting limit to 15 min per hr Thanks |
| SIGNATURE OF UNIT COMMANDER | SIGNATURE OF MEDICAL OFFICER: D Dusom RN |

DD FORM 1 MAR 63 689 PREVIOUS EDITIONS ARE OBSOLETE.

EXHIBIT
O'BRIEN
7

**O'Brien Affidavit Exhibit 8**




DEFENSE LOGISTICS AGENCY
DEFENSE DEPOT SUSQUEHANNA PENNSYLVANIA
2001 MISSION DRIVE, SUITE 1
NEW CUMBERLAND, PENNSYLVANIA 17070-5002

REPLY
REFER TO

DDSP-SS April 7, 1998

MEMORANDUM FOR ROBERT WARD

SUBJECT: Request for Additional Medical Information

On October 23, 1997, Richard G. Manning, M.D., evaluated you and determined that you may return to work but should avoid wearing any weight around the waist. In January 1998, you gave the New Cumberland Health Clinic medical documentation from Dr. Manning, stating that you indefinitely had a 25 pound weight lifting restriction. Has the restriction been lifted? If not, I need to know the expected date of recovery. If the restriction has not been lifted, I need your physician to explain why after having hernia surgery ten months ago, you still have restrictions.

Our current mission and workload requirements require that your position of record, specifically, Materials Handler, WG-6907-05, be filled to maintain an efficient operation. While I am truly concerned about your health and well being, I need for you to be able to do the full range of your Materials Handler duties. You state that you cannot wear a shoulder harness even though the harness is not tight around the waist. You have reported that you have nerve damage in your leg; however, I do not have any medical documentation addressing the nerve damage. In addition, you state that you cannot operate a hybrid or standup lift. I would like your doctor to address you wearing a shoulder harness, as well as you operating a hybrid and standup lift. I am giving you a shoulder harness to take to your doctor, so that he can evaluate the tightness and weight.

I need a current medical evaluation from your doctor. With the additional medical information that you provide, I will be able to assess your current and future medical requirements. You need to provide additional information that supports how your medical condition affects your ability to perform your Materials Handler, WG-6907-05 duties. Please note, your doctor should provide current information from his records, preferably on his/her letterhead stationary, numbered to correspond with information below:

- The history of your medical condition, including summaries of findings from previous examinations, treatment, and responses to treatment.

EXHIBIT
O'BRIEN
8

- Clinical findings from the most recent medical evaluation, including any of the following which have been obtained: results of physical examination, laboratory test, x-rays, EKG's, and other diagnostic procedures.

- Diagnosis.

- Prognosis, including plans or recommendation for future treatment and an estimate of the expected date of full or partial recovery.

- An explanation of how your medical condition impacts on your overall health and activities, including the basis for a conclusion that restrictions or accommodations are warranted.

- An explanation of the medical basis for any conclusions which indicates the likelihood that you are or are not expected to suffer sudden or subtle incapacitation by carrying out, with or without accommodation, the duties of your Materials Handler, WG-6907-05 position.

- Enclosed is a copy of your position description that you should provide your physician so that he/she has sufficient information to respond to the items concerning your ability to perform in your job and accommodations that might be recommended.

If your physician has questions about the information being requested, or needs additional information about the requirements of your job, I can be reached at (717) 770-4779. Otherwise, you are to provide me with the requested medical documentation, within fourteen calendar days of receipt of this letter.

Francis X. O'Brien

FRANCIS X. O'BRIEN
Chief, Storage Branch
Warehousing Div 1, EDC

ATTACHMENT

Receipt acknowledged ______________________ Date ______________

Employee Refuse To Sign Receipt Acknowledged And Refuse To Sign And Accept Safety Harness [signature] 4/7/98

**O'Brien Affidavit Exhibit 9**

Privacy Act of 1974 (PL 93-579) Page

Automated Version of DA5008/USAF & USN SF600 Overprint

Telephone Consultation

Printed Date: 24 Apr 98 @ 1002

Division: NEW CUMBERLAND

Clinic: DDC USAHC NC

Workload DOES Count

Provider: DURAND,DOLORES

Allergies:

Clerk's Note:

Problem List:

Provider's Note:

received phone call from supervisor-frank,obrian,regarding his duty status.employee told him we have a letter fro his doctor stating that he can not work in hybrids and wear the new safety belt. we have a note from his pvt doctor dated 10-23-97 ,that says "avoid wearing any weight around his waist. he had hernia repair in 6/4/97. will notify supervisor to have employee re-evaluated by pvt physician and bring up-dated note.

Provider: DURAND,DOLORES

24 Apr 98 @ 1002

Verified by: DORIE DURAN

*** END OF REPORT ***

EXHIBIT
O'BRIEN
9

WARD,ROBERT
DOB: 24 Jan 1959
Spon: WARD,ROBERT
Unit:

20/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
H: 717-541-5402
Rank:
RR: PATIENT ADMINISTRATION

DOD EMPL OCCUPATIONAL HEALTH
W: 717-770-4779

**O'Brien Affidavit Exhibit 10**

Author: Sharon Heiner at DDREK01-PO1
Date: 4/30/98 1:27 PM
Priority: Normal
TO: Frank O'Brien at ddsp01-po1
Subject: Re: MEDICAL REQUEST

---------------------------- Message Contents ----------------------------

Has Dori gave you anything in writing yet? That will definitely help our case.

________________________________ Reply Separator
Subject: MEDICAL REQUEST

Author: Frank O'Brien at DDSP01-PO1
Date: 4/28/98 1:18 PM

JUST FINISHED TALKING TO BOB WARD. I ASKED HIM IF HE WAS GOING TO RESPOND TO THE MEDICAL REQUEST AND HE SAID HE GAVE ALL THE INFORMATION HE IS GIVING. I ASKED HIM IF HE WOULD LIKE A EXTENSION OF TIME AND HE IGNORED THE QUESTION AND SAID HE WAS TALKING THINGS OVER WITH HIS ATTORNEY AND DOCTOR. I AGAIN ASKED HIM IF HE WOULD LIKE A EXTENSION AND HE SAID I AM NOT RESPONDING TO YOU. I UNDERSTAND THAT TO MEAN NO. MR. WARD THEN LEFT WITHOUT FURTHER COMMENT. THE CONVERSATION TOOK PLACE IN THE ACTIVE ITEMS OFFICE. I ENTERED THE OFFICE WHILE MR. WARD WAS ON THE TELEPHONE AND WHILE WAITING TO TALK TO HIM HE REITERATED TO THE PERSON HE WAS TALKING TOO THAT HE WOULD BE HEARING FROM HIS ATTORNEY. I GUESS HE USES THAT LINE ALLOT. OH I ALSO OFFERED HIM THE SAFETY HARNESS AGAIN AND HE IGNORED THAT OFFER TOO. NEXT STEP?

FRANK

EXHIBIT
O'BRIEN
10

**O'Brien Affidavit Exhibit 11**

**DEFENSE LOGISTICS AGENCY**
DEFENSE DEPOT SUSQUEHANNA PENNSYLVANIA
2001 MISSION DRIVE, SUITE 1
NEW CUMBERLAND, PA 17070-5002

REPLY
REFER TO        DDSP-SS                                                May 6, 1998

MEMORANDUM FOR MR. ROBERT WARD

SUBJECT:  Reasonable Accommodation

        On April 7, 1998, you refused to acknowledge receipt of a DDSP-SS
Memorandum, subject:  Request for Additional Medical Information, dated April 7,
1998. On the letter, Mr. O'Brien detailed specific medical information required by the
agency from your physician to support your continued reasonable accommodation by the
agency. In order for you to support your continued claim that you cannot operate a
hybrid or standup lift, the agency attempted to give you a harness to take to your doctor
for evaluation and determination of its impact, if any, on your ability to operate a hybrid
or stand up lift. You refused to take the harness to your doctor. On April 1998, Mr.
O'Brien again talked to you and asked if you planned to respond to the letter. He again
offered you a safety harness to take to the doctor. You said you had no intention to
provide any additional information or to respond to what he had to say.

        The request for medical information documented in the April 17, 1998 letter is
not an unreasonable request. Its purpose is to determine if you can perform the duties of
your position without accommodation as the agency believes you can. You have failed
to cooperate with the agency in continuing reasonable accommodation of your continued
alleged medical restrictions. You perceive yourself as having a disabling restriction;
however, you refuse to provide additional medical documentation to support your
accommodation. There is no requirement to accommodate you when an employee
refuses to cooperate with the agency. The agency may take whatever steps are necessary
to discipline the employee.

        The agency has also reviewed the medical documentation available at the DDC
U.S. Army Health Clinic. Information dated October 23, 1997, consists of a brief note
from Dr. Richard Manning, stating that patient may return to work and to avoid wearing
any weight around the waist.

        In the absence of continued supporting medical evidence for your
accommodation, effective May 18, 1998, you will no longer be accommodated for any
restrictions in your position as Materials Handler, WG-6907-05. On this date you will
begin to perform the full duties of the position. In summary, the position performs duties
involving the operation of the aisle mobile hybrid crane in support of storing and moving



EXHIBIT
O'BRIEN
11

a variety of items. Packs and prepares freight for shipment in an automated distribution operation.

You may comply with the request for medical documentation as provided in the April 17, 1998 letter prior to the termination of your accommodation to afford the agency a review of your case based on up-to-date medical documentation.

KENNETH E. SLASEMAN
Materials Handler Supervisor

employee refused to sign 8 May 98

Receipt Acknowledged Date

wtf 8 May 1998

# O'Brien Affidavit Exhibit 12

# INDIVIDUAL SICK SLIP

☐ ILLNESS ☐ INJURY

DATE: 7 MAY 98

LAST NAME - FIRST NAME - MIDDLE INITIAL OF PATIENT: WARD, Robert

SERVICE NUMBER: 6032

GRADE/RATE: WG-05

ORGANIZATION AND STATION:

| UNIT COMMANDER'S SECTION | MEDICAL OFFICER'S SECTION |
|---|---|
| IN LINE OF DUTY | IN LINE OF DUTY |
| REMARKS<br>Please check for duty status. | DISPOSITION OF PATIENT<br>☐ SICK BAY ☐ NOT EXAMINED ☐ DUTY ☐ HOSPITAL ☐ OTHER *(Specify)* ☐ QUARTERS<br>REMARKS<br>Needs "Fitness for duty" on job - He states he's unable to lift > 35 lb permanently. |
| SIGNATURE OF UNIT COMMANDER<br>[signature] X5462 | SIGNATURE OF MEDICAL OFFICER<br>[signature] |

DD FORM 1 MAR 63 689 S/N 0102-LF-007-0101 PREVIOUS EDITIONS ARE OBSOLETE.

EXHIBIT O'BRIEN 12

PENGAD-Bayonne, N. J.

**O'Brien Affidavit Exhibit 13**

To whom it concerns.
Mr. Ward was issued safety harness, SN 004351 to take out to his doctor to see if there is any reason he could not wear it to do his job.

Kenneth L Glaseman
Material Handler Supervisor
DDSP-SS
8 May 98

Employee refused to except this harness. and take along. Ken Glaseman

8 May 1998

EXHIBIT
O'BRIEN
13

**<u>O'Brien Affidavit Exhibit 14</u>**



DEFENSE LOGISTICS AGENCY
DEFENSE DEPOT SUSQUEHANNA PENNSYLVANIA
2001 MISSION DRIVE, SUITE 1
NEW CUMBERLAND, PA 17070-5002

IN REPLY REFER TO DDSP-SS

May 27, 1998

MEMORANDUM FOR MR. ROBERT WARD

SUBJECT Notification to Return to Position of Record without Accommodation

A thorough review of the medical records indicates that on July 3, 1997, your physician, Dr Richard Manning, placed you on a 45-pound maximum lifting restriction. Medical documentation from your physician, Dr Manning, dated October 23, 1997 returns you to work. In releasing you to duty, Dr Manning, asks that you avoid wearing any weight around the waist; however, a lifting restriction is omitted. A review of the medical evidence further discloses that there is no current medical documentation that supports you have a lifting restriction of 25 pounds as noted on my April 7, 1998 letter. The lifting restriction of 25 pounds noted on DD Form 689, Individual Sick Slip dated May 7, 1998 and signed by the USA Health Clinic Nurse is based on unsubstantiated comments you made during your visit to the health clinic. It is not based on any documented medical evidence you have provided from your physician.

On April 7, 1998 and on May 6, 1998, you were directed to provide medical documentation from your physician to clarify and justify any lifting restriction, which may still relate to your job. Specifically, you were asked to take a harness to your physician for evaluation and determination of its impact, if any, on your ability to operate a hybrid or stand up lift. You refused to acknowledge receipt of the letter and refused to take the harness to your physician. This however, is now clearly unnecessary, as the record shows that you do not have a lifting restriction.

Our current mission and workload requirements requires that your position of record, specifically, Materials Handler, WG-6907-05, be filled to maintain an efficient operation. Therefore, you are directed to report to your position of record or advise the undersigned of the specific reasons, i.e., official medical disqualification memorandum from the Health Clinic, or your physician, within three workdays from receipt of this letter. Failure to return to your position of record absent adequate medical documentation will be cause for disciplinary action.

[signature]
KENNETH SLASEMAN
Materials Handler Supervisor

Employee refused to sign 27 May 98
Receipt Acknowledged Date

John Lewis

EXHIBIT
O'BRIEN
14

**O'Brien Affidavit Exhibit 15**

6022

RAYMOND F. KOSTIN, M.D. - 031429L
JOHN A. ROSSI, M.D. - 027547E
SALVATORE A. PARASCANDOLA, M.D. - 035681E
Medical Arts Building

J. BRET DeLONE, M.D. - 041721L
PAUL A. KUNKEL, M.D. - 042880E
RICHARD G. MANNING, M.D. - 041449L

Phone: 761-7244

Camp Hill, PA 17011

For Robert Ward

Address ____________ Date 6/1/98

℞ Should Not Wear a
Body Harness at all
tim Work in.

☐ GENERIC SUBSTITUTE
☐ LABEL
REFILL X
SUBSTITUTION PERMISSIBLE [signature] M.D.
IN ORDER FOR A BRAND NAME PRODUCT TO BE DISPENSED, THE PRESCRIBER MUST HAND-WRITE "BRAND NECESSARY" OR "BRAND MEDICALLY NECESSARY" IN THE SPACE BELOW.

EXHIBIT
O'BRIEN
15

**O'Brien Affidavit Exhibit 16**

LETTER TO WARD CLARIFICATION FROM DR. WHICH LAYS THIS OUT ON LENGTH OF LIMITATION. (PERMANENT OR AT SOME POINT WHEN HE CAN RETURN TO FULL DUTY. [illegible] PROVIDE THIS DETAILED INFORMATION.

BRENDA BEVER

## COLONIAL PARK FAMILY PRACTICE

KEVIN J. KELLY, M.D., ABFP
MEGAN J. BORROR, M.D., ABFP
LORI A. BUCK, P.A.-C.
TERRI L. JOHNSON, P.A.-C.

4807 JONESTOWN ROAD, SUITE 141
HARRISBURG, PA 17109
717-657-3030

NAME Robert Ward DATE 10-28-98

ADDRESS

No lifting more than 25 lbs at anytime, indefinitely (Diagnosis: L5-S1 degenerative disc.)

SUBSTITUTION PERMISSIBLE [signature]

REFILL X ______ DEA NO. ______

IN ORDER FOR A BRAND NAME PRODUCT TO BE DISPENSED, THE PRESCRIBER MUST HANDWRITE "BRAND NECESSARY" OR "BRAND MEDICALLY NECESSARY" IN THE SPACE BELOW.

EXHIBIT
O'BRIEN
16

| INDIVIDUAL SICK SLIP<br>☐ ILLNESS ☐ INJURY | | DATE<br>10/28/98 |
|---|---|---|
| LAST NAME - FIRST NAME - MIDDLE INITIAL OF PATIENT<br>Ward Robert | | ORGANIZATION AND STATION |
| SERVICE NUMBER<br>6022 | GRADE/RATE | |
| UNIT COMMANDER'S SECTION | | MEDICAL OFFICER'S SECTION |
| IN LINE OF DUTY | | IN LINE OF DUTY |
| REMARKS | | DISPOSITION OF PATIENT<br>☐ DUTY ☐ QUARTERS<br>☐ SICK BAY ☐ HOSPITAL<br>☐ NOT EXAMINED ☐ OTHER (Specify) |
| | | REMARKS<br>Lite duty - no lifting > [illegible] lbs at any time + indefinitely<br>Thanks |
| SIGNATURE OF UNIT COMMANDER | | SIGNATURE OF MEDICAL OFFICER<br>[illegible signature] |

DD FORM 1 MAR 63 689 S/N 0102-LF-007-0101 PREVIOUS EDITIONS ARE OBSOLETE. U.S. GOVERNMENT PRINTING OFFICE 1993—504-079/00195