TAM:JJT:nl

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT L. WARD, JR.            :
                               :
          Plaintiff,           :
     v.                        :   NO. 1:CV-00-1126
                               :
DEFENSE LOGISTICS AGENCY       :   (KANE, J.)
DEFENSE DISTRIBUTION CENTER,   :
                               :
          Defendant.           :   (Electronically Filed)


### STATEMENT OF MATERIAL FACTS


Pursuant to Local Rule 56.1, Defendant Defense Logistics Agency Defense Distribution Center submits the following Statement of Material Facts:

1.  On May 16, 1997, Ward suffered a work-related injury later determined to be an inguinal hernia.

2.  He was off work as a result of his injury from June 4, 1997 to July 28, 1997, and during that period, surgery was performed on the hernia.  Affidavit of Frank O'Brien.

3.  On June 26, 1997,  Ward's doctor completed a CA Form 20 permitting Ward to return to duty with the restriction of no heavy lifting for six weeks.  Id.

4.  His doctor returned him to duty on July 28, 1997, with a lifting restriction of 45 pounds.  Id.

5.  The Agency's health clinic imposed a "permanent" 45-pound lifting restriction.  Id.

6.   This restriction did not significantly limit Ward's operation of the crane because he ordinarily would not be required to lift more than 40 pounds.   <u>Id.</u>

7.   Ward returned to duty on the aisle crane with the restriction imposed by his doctor.   <u>Id.</u>

8.   On October 21, 1997, Ward visited the Agency's health clinic complaining that operating the crane hurt his left leg.

9.   The health clinic put him on light duty until he could see his private physician.   <u>Id.</u>

10.   Two days later, Ward presented a note from his private physician stating that Ward was able to return to duty, but was "to avoid wearing any weigh around the waist" (apparently in reference to the safety belt).   <u>Id.</u>

11.   According to Mr. O'Brien, he took Ward off the crane and placed him on light duty on the floor in the "Active Items" area, expecting that the light duty would only be temporary because the restriction was not noted to be permanent.   <u>Id.</u>

12.   In late December 1997, Mr. O'Brien asked Ward to obtain additional medical documentation to determine if the "no belt" restriction was still in effect.   <u>Id.</u>

13.   Ward told him he would not provide additional documentation.   <u>Id.</u>

14.   Ward was off work in early January 1988, and upon his return he gave the health clinic a note from his doctor with an "indefinite" 25-pound lifting restriction.   <u>Id.</u>

15.  The heath clinic returned him to duty with this restriction.  Ward was kept on light duty.  Id.

16.  In January 1998, DDSP replaced the safety belt with a shoulder harness.  Id.

17.  The harness is attached around the employee's legs, shoulders, and waist.  Id.

18.  Because at the time there still was no determination that the "no belt" and lifting restrictions were permanent, and knowing that the harness fits loosely against the waist, Mr. O'Brien asked Ward in February to take the harness to his doctor to determine if he could wear it and return to crane duty.  Id.

19.  Ward refused to take the harness and sign a receipt for it.  Id.

20.  Mr. O'Brien gave Ward a letter dated April 7, 1997, formally requesting a determination from his private physician within 14 days whether the 25-pound lifting restriction was still in effect and whether Ward could wear a harness.  Id.

21.  Before issuing the letter, Mr. O'Brien consulted with a health clinic nurse who agreed that additional information was necessary.  Id.

22.  When Ward did not respond in 14 days, Mr. O'Brien asked him if he needed an extension and Ward answered no and stated that he was not going to respond.  Id.

23.  On May 6, 1998, Ward was given another letter from Ken Slasemen, his first level supervisor, notifying Ward that in the absence of current medical information to support continuing

restrictions, he was being returned to full duty as a crane
operator, effective May 18, 1999.  Id.

24.  In response, Ward visited the health clinic and told
the nurse there that his 25-pound lifting restriction was
permanent.  Id.

25.  The health clinic noted the employee's statement and
recommended a fitness for duty examination by the Agency.  Id.

26.  Mr. Slasemen met with Ward on May 8, 1998, to ask again
that Ward take the harness to his doctor, but Ward again refused.
Id.

27.  Ward was then given a letter on May 27, 1998, directing
him to return crane operator duties within three days or provide
current medical information substantiating his inability to do
so.  Id.

28.  Ward provided a doctor's slip dated June 1, 1998,
stating:  "Should not wear a body harness at all to work in."
Id.

29.  Mr. O'Brien continued to assign Ward to light duty on
the floor.  Id.

30.  Ward presented a doctor's slip dated October 28, 1998,
with an indefinite lifting restriction of 25-pounds based on a
diagnosis of degenerative disc disease.  Id.

31.  Thereafter, Ward was involved in an automobile accident
on November 17, 1998, and was returned to duty with lifting and
stretching restrictions imposed by his doctor for two weeks.  Id.

32.   Appellant was off-duty from January 6 through January 20, 1999.  Id.

33.   Upon his return on January 21, 1999, the health clinic found him fit for duty with "current duty restrictions."  Id.

34.   The health clinic later issued another return to duty note for January 21, 1999, noting that there were no restrictions in the doctor's slip Ward provided at the time he returned on January 21, 1999.  Id.

35.   On April 15, 1999, Mr. O'Brien gave Ward a memo requesting he provide medical documentation as to whether he was then fit to return to crane duty.  Ward refused this request. Id.

36.   By memo of July 29, 1999, Mr. O'Brien ordered Ward to submit to a fitness for duty examination by an agency physician. Ward refused this order.  Id.

37.   This stalemate continued until Ward's resignation on January 7, 2000.  Id.

38.   No action was taken to discipline Ward or remove him from his position for medical reasons.  Id.

                              Respectfully submitted,

                              THOMAS A. MARINO
                              United States Attorney


                               s/ Joseph J. Terz
                              Joseph J. Terz
                              Assistant U.S. Attorney
                              228 Walnut Street, Suite 220
                              P.O. Box 11754
                              Harrisburg, Pennsylvania  17108
                              Attorney ID. No. PA 55480
                              (717) 221-4482
                              (717) 221-4582 (Facsimile)
Date:  June 18, 2003         joseph.terz@usdoj.gov

TAM:JJT:nl

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


ROBERT L. WARD, JR.              :
                                 :
            Plaintiff,           :
                                 :   NO. 1:CV-00-1126
        v.                       :
                                 :
DEFENSE LOGISTICS AGENCY         :   (KANE, J.)
DEFENSE DISTRIBUTION CENTER,     :
                                 :
            Defendant.           :   (Electronically Filed)


## CERTIFICATE OF SERVICE


The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That this 18th day of June, 2003, she served a copy of the attached

## STATEMENT OF MATERIAL FACTS


electronically and/or by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania.

ADDRESSEE:

        Mr. Robert L. Ward, Sr.
        1630 Catherine Street
        Harrisburg, Pennsylvania  17104


                          s/ Naomi Losch
                         Naomi Losch
                         Legal Assistant

N:\NLosch\terz\docs\ward statement of facts.wpd