ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT L. WARD, JR.<br>Plaintiff | CIVIL ACTION NO.<br>1: cv- 00- 1126 |
| | Judge Kane |
| v | |
| DEFENSE LOGISTICS AGENCY<br>DEFENSE DISTRIBUTION CENTER<br>Defendant | |



FILED JUL 24 2003 PER HARRISBURG, PA. DEPUTY CLERK

Plaintiff Response To Defendant
Motion For Summary Judgment

Plaintiff submits this Response to Defendant Motion for Summary Judgment.

Introduction

From October 7, 1997 to July 7, 2000 plaintiff Robert L. Ward JR, was harassed daily by his second line supervisor, branch chief Frank O'Brien. The facts filed in plaintiff motion for summary judgment is

rightfully and truthfully. This is the basis for plaintiff Robert L. Ward JR. civil action.

### Statement of Facts

Wearing a body harness is not required for job reclassification due to permanent and indefinite 25 pound lifting restriction orders by my family physician Megan J. Borror, M.D. Due to being diagnosed with a degenerative disc disease. Frank O' Brien mostly harassed African-American males and females regarding their medical restrictions.

### Argument
### I. Standard of Law For Summary Judgment

Summary Judgment affidavits exhibits show there is a genuine issue as to the material fact in that the opposing party is entitled to judgment as a matter of law. Plaintiff, there is a genuine issue for trial.

II. Ward Can Establish A Prima Facie Case of Race And/Or Disability Discrimination.

A. The Elements of a Prima Facie Case of Disparate Treatment Based on Race and/ or Disability.

Exhibits and Affidavits

B. Ward Can Demonstrate a Prima Facie Case Of Disparate Treatment Due to His Race and/or Disability.

Exhibits and Affidavits

      1. <u>Ward Can Identify Non-Protected Class Employees Who Were Treated More Favorably.</u>

Exhibits and Affidavits

      2. Ward Was The Subject of Adverse Employment Actions.

Exhibit To Defendant's Response to Plaintiff's Motion For Summary Judgment.

Volume I
(O'Brien's Affidavit with Exhs. 1 Through 6, 17 Through 22)

Defendant Frank O'Brien did not provide discriminary action letters from Sandy Marrero, DDC-AP, Employee Relations Specialist. Defendant did not provide letter of insubordination. On or about September, 1999, issued by Charlie J. Shipe, first line supervisor. Plaintiff's witness to this fact was his union stewardess Frank Ward.

A. <u>Defendant is Not Entitled to Summary Judgment Because Ward, Plaintiff, was not a Hostile Work Environment.</u>

Plaintiff can prove by exhibits and affidavits that the defendant was trying to provoke a hostile work environment.

III. <u>Ward Can Establish A Prima Facie Case of Race or Disability Discrimination, Defendant</u>

<u>Is Not Entitled To Summary Judgment Because He Can Not Articulate Legitimate Discriminatory Reasons Which Ward Can Show Pretext For Discrimination.</u>

### Exhibits and Affidavits

#### Exhibits

A: Sworn statement given to DDC investigators dated October 7, 1998
B: Affidavit given to EEO contract investigator dated June 10, 1999
C: Affidavit dated September 29, 1999
D: Affidavit dated March 25, 1999
E: Exhibit, Affidavit dated May 19, 1998
F: Exhibit, Affidavit dated April 28, 1998

#### Conclusion

In accordance with the foregoing discussion, the Court should find that there is a genuine issue of material fact. Defendant should not be entitled to judgment as a matter of law. Therefore, the Court should deny Defendant's Motion for Summary judgment on Plaintiff's Complaint.

July 24, 2003

Thank You,
Robert L. Ward JR.
Plaintiff
1630 Catherine Street
Harrisburg, PA 17104

*/s/ Robert L. Ward*

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT L. WARD, JR.<br>Plaintiff | . CIVIL ACTION NO.<br>. 1:CV-00-1126<br>. Judge Kane |
| V | . |
| DEFENSE LOGISTICS AGENCY<br>DEFENSE DISTRIBUTION CENTER<br>Defendant | . |

CERTIFICATE OF SERVICE

I, ROBERT L. WARD JR., Plaintiff, hereby certify that on this Date I caused to served a copy of the foregoing PLAINTIFF RESPONSE TO DEFENDANT MOTION FOR SUMMARY JUDGMENT by taking it Personally.

Joseph J. Terz
Assistant U.S. Attorney
228 Walnut Street, P.O. Box 11754
Harrisburg, PA 17108

July 24, 2003

ROBERT L. WARD JR.
Plaintiff
*[signature]*